# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIAN URLACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09 C 6591 |
| | ) |
| DREAMS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Brian Urlacher's (Urlacher) motion to dismiss the counterclaim. For the reasons stated below, we grant in part the motion to dismiss.

## BACKGROUND

Urlacher plays middle linebacker for the Chicago Bears. Defendant Dreams, Inc. (Dreams) is a sports memorabilia and licensed products firm. On October 10, 2007, Urlacher allegedly entered into an Exclusive Services Agreement (Agreement) with Dreams under which Urlacher agreed to make public appearances and to autograph items exclusively for Dreams. The Agreement allegedly was to run

1

through August 31, 2011.  Urlacher contends that he has honored all promises made under the Agreement.  On September 13, 2009, in a game against the Green Bay Packers, Urlacher injured his wrist.  Subsequently, in a letter dated September 15, 2009, Dreams allegedly notified Urlacher that it was unilaterally terminating the Agreement for cause.  Urlacher contends that Dreams lacked a basis to terminate the Agreement for cause and that the letter dated September 15, 2009, was an anticipatory breach of the Agreement.  Urlacher claims that Dreams has failed to pay Urlacher amounts owed under the terms of the Agreement.  Urlacher brought the instant action in state court and included in his complaint a breach of contract claim (Count I), an anticipatory breach of contract/repudiation claim (Count II), and a claim seeking a declaratory judgment.  Dreams subsequently removed the instant action to federal court.  Dreams filed an answer to the complaint and a counterclaim in which Dreams contends that Urlacher has failed to repay Dreams for services Urlacher has been compensated for, but did not perform.  Dreams includes in its counterclaim a breach of contract claim (Count I), and an unjust enrichment claim (Count II).  Urlacher moves to dismiss both claims in the counterclaim.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

I. Unjust Enrichment Claim (Count II)

Urlacher argues that Dreams cannot maintain an unjust enrichment claim since Dreams has brought a breach of contract claim. Federal Rule of Civil Procedure 8 provides for pleading claims in the alternative and pleading claims that are inconsistent. Fed. R. Civ. P. 8(d). However, in regards to pleading both a breach of contract claim and unjust enrichment claim, "[w]hen two parties' relationship is

governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract." *Utility Audit, Inc. v. Horace Mann Service Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004). To determine whether a claim is deemed to "fall[] outside a contract, the subject matter of the contract governs, not whether the contract contains terms or provisions related to the claim." *Id.* (explaining that "[t]he reason for prohibiting a claim of unjust enrichment between contracting parties is to prohibit a party whose expectations were not realized under the contract from nevertheless recovering outside the contract").

In the instant action, Dreams has pled that the subject matter that is at the heart of the relationship between the parties is Urlacher's agreement to make appearances and attend and participate in autograph signing sessions and Dreams' obligation to provide compensation for such services. The pre-payment of monies to Urlacher directly relates to such matters and falls squarely within the subject matter of the Agreement. Dreams has pled that there was a valid contract governing that relationship. Thus, Dreams cannot also seek to recover under the theory of unjust enrichment and thereby gain what was not part of the parties' agreement. Therefore, we grant Urlacher's motion to dismiss the unjust enrichment claim in the counterclaim (Count II).

II. Breach of Contract Claim (Count I)

Urlacher also argues that the court should dismiss the breach of contract counterclaim. Urlacher contends that Dreams has failed to plead a breach of contract claim since Dreams has not pointed to any specific provision in the Agreement that states that Urlacher must repay Dreams the pre-paid monies for services that Urlacher does not ultimately perform. Dreams has pled that a contract existed between the parties and that Urlacher has breached that agreement by not returning pre-paid monies. Dreams is not required at the pleading stage to identify the exact provision of the Agreement that Urlacher violated. Both Dreams and Urlacher have pointed to provisions of the Agreement and have argued their own interpretation. However, the interpretation of the Agreement and the reasonableness of the parties' arguments are premature at this juncture. *See Dawson v. General Motors Corp.*, 977 F.2d 369, 373 (7th Cir. 1992)(stating that "[i]f the language of an alleged contract is ambiguous regarding the parties' intent, the interpretation of the language is a question of fact which a [court] cannot properly determine on a motion to dismiss")(internal quotations omitted)(quoting *Quake Construction, Inc. v. American Airlines, Inc.*, 565 N.E.2d 990, 994 (Ill. 1990)); *Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 721 (7th Cir. 2003)(stating that "[t]he intent of the parties is a question of fact to be derived not only from the instrument executed by the parties, but also

from the surrounding circumstances")(internal quotations omitted)(quoting *Young v. Chicago Fed. Sav. & Loan Ass'n*, 535 N.E.2d 977, 979 (1989)). Dreams' claim would be premature to dismiss at the pleadings stage. Urlacher, however, may renew his argument at the summary judgment stage and Dreams will bear the burden to support its breach of contract claim. Therefore, we deny as premature Urlacher's motion to dismiss the breach of contract claim in the counterclaim.

## CONCLUSION

Based on the foregoing analysis, we grant Urlacher's motion to dismiss the unjust enrichment claim in the counterclaim (Count II), and deny as premature the motion to dismiss the breach of contract claim in the counterclaim (Count I).

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 22, 2010